ALTMAN SCHOCHET LLP
225 Broadway, 3rd Floor
New York, New York 10007
212-344-8000

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X     Case # 1:21-cv-04158
OSWALD HEPBURN,                                                                              (ARR) (VMS)

                                                  Plaintiff,

                                                                                            **AMENDED**
                                                                                            **COMPLAINT**

                            - against -

                                                                                            **PLAINTIFF**
                                                                                            **DEMANDS A**
                                                                                            **TRIAL BY JURY**

CITY OF NEW YORK, CAPTAIN DERBY ST. FORT, TAX ID
# 937848, LIEUTENANT ALEXANDER BOBO, TAX ID # 947985,
SERGEANT CHRISTOPHER MUSA, TAX ID # 952040, P.O. LOUIS
APONTE, TAX ID # 957850, P.O. ALEKSANDR CHEKALIN,
TAX # 966501, P.O. LUIS FERNANDEZ, TAX ID # 953854 and
P.O. JOHN DOE 1-4,
                                                  Defendants.
-------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1.      Plaintiff, OSWALD HEPBURN, is a 41-year-old black male, who at all times

relevant to this action was a resident of New York and a citizen of the United States.

2.      Defendant, CITY OF NEW YORK ("City"), is a municipality within the State of

New York, which includes Kings County.  The City maintains a police department, the New

York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant CAPTAIN DERRBY ST. FORT, Tax

I.D. # 937848 ("Capt. St. Fort"), was at all relevant times a police officer and executive officer

with the NYPD, assigned to the 73rd Precinct in a supervisory and policy making capacity.  All actions by Capt. St. Fort complained of herein were taken in the course of his employment and under color of law.  Capt. St. Fort is being sued in both his individual and official capacities.

4.     Upon information and belief, Defendant LIEUTENANT ALEXANDER BOBO, Tax I.D. # 947985 ("Lt. Bobo"), was at all relevant times a police officer with the NYPD assigned to the 73rd Precinct in a supervisory capacity.  All actions by Lt. Bobo complained of herein were taken in the course of his employment and under color of law.  Lt. Bobo is being sued in both his individual and official capacities.

5.     Upon information and belief, Defendant SERGEANT CHRISTOPHER MUSA, Tax # 952040 ("Sgt. Musa"), was at all relevant times a police officer with the NYPD assigned to the 73rd Precinct in a supervisory capacity.  All actions by Sgt. Musa complained of herein were taken in the course of his employment and under color of law.  Sgt. Musa is being sued in both his individual and official capacities.

6.     Upon information and belief, Defendant P.O. LOUIS APONTE, Tax ID # 957850 ("P.O. Aponte"), was at all relevant times a police officer with the NYPD assigned to the 73rd Precinct.  All actions by P.O. Aponte complained of herein were taken in the course of his employment and under color of law.  P.O. Aponte is being sued in both his individual and official capacities.

7.     Upon information and belief, Defendant P.O. ALEKSANDR CHEKALIN, Tax ID # 966501 ("P.O. Chekalin"), was at all relevant times a police officer with the NYPD assigned to the 73rd Precinct.  All actions by P.O. Chekalin complained of herein were taken in the course of his employment and under color of law.  P.O. Chekalin is being sued in both his

2

individual and official capacities.

8.      Upon information and belief, Defendant P.O. LUIS FERNANDEZ, Tax ID #

953854 ("P.O. Fernandez"), was at all relevant times a police officer with the NYPD assigned to

the 73rd Precinct.  All actions by P.O. Fernandez complained of herein were taken in the course

of his employment and under color of law.  P.O. Fernandez is being sued in both his individual

and official capacities.

9.      Upon information and belief, Defendant P.O. JOHN DOE 1-4, ("John Doe 1-4")

were at all relevant times male police officers with the NYPD assigned to the 73rd Precinct,

whose names, Tax IDs, and shield numbers are unknown at this time.  All actions by John Doe

1-4 complained of herein were taken in the course of their employment and under color of law.

John Doe 1-4 are being sued in both their individual and official capacities.

10.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq.,

specifically 28 U.S.C. § 1343.

11.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

12.     The instant action is commenced within three years of the date of accrual of all

claims and one year and ninety days of the date of accrual for all State claims.

## FACTS GIVING RISE TO THE CLAIMS

13.      On the evening of May 2, 2020, crowds of people had gathered socially in the

vicinity of Sutter Avenue and Tapscott Street in Kings County.

14.     Officers from the NYPD responded to said location and began to disperse the

crowds that had gathered.

15.     At or around 8:25 pm on that date, Plaintiff, was standing on or near the front

3

steps of 129 Tapscott Street speaking to his sister who was positioned in the doorway of said building where she lives.

16.     A heavy police presence remained in the area and many officers stayed in close proximity to 129 Tapscott Street.

17.     Plaintiff's sister began to complain to police officers who were in earshot about the violent manner in which the police had interacted with the crowds earlier that evening and in general.  She also complained about the disparity of treatment in the way police dealt with black men in her neighborhood as compared to police interactions with white communities.

18.     Lt. Bobo conferred with Captain St. Fort and then stated "she is going" whereupon Lt. Bobo aggressively charged the front steps of 129 Tapscott Street.   As Lt. Bobo rushed the front steps, other individual police officers followed directly behind him including but not limited to, Sgt. Musa and P.O. Aponte and John Doe 1-4.

19.     Lt. Bobo approached the steps of 129 Tapscott Street, grabbed Plaintiff and threw him back and forth across the building's front stoop while Plaintiff's sister quickly stepped inside her building and closed the front door.

20.     Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Does 1-4 forcefully threw Plaintiff about and Sgt. Musa pulled out his taser and tased Plaintiff on his neck.

21.     Lt. Bobo, Sgt. Musa, P.O. Aponte , P.O. Chekalin and John Doe 1-4, slammed Plaintiff to the ground, hyperextending and twisting Plaintiff's arms behind his back.  John Doe 1-4 and other individually named defendants then converged upon Plaintiff and began beating him about the head, upper body and lower body.

21.     At the time of this incident Plaintiff was a New York City bus driver

4

employed by the Metropolitan Transportation Authority ("MTA").  Throughout this violent assault, Plaintiff pleaded that he was an essential worker for the MTA in hopes that this information would cause the police to stop their violent behavior.  Instead, once Plaintiff was face down on the ground one of the individually named defendants placed his knee on the back of Plaintiff's neck and that defendant or another individually named defendant said "I don't give a fuck who you are motherfucker."  Thereupon, Plaintiff's head was thumped into the concrete sidewalk by one of the individually named defendants, causing a gash to open and bleed above Plaintiff's left eye.

22.    All the assaultive and brutal conduct of the police defendants described herein and the resulting injury to Plaintiff, took place in the immediate presence of Capt. St. Fort with his full knowledge and approval.

23.    Plaintiff did not engage in any illegal activity whatsoever or give the police reason to use force against him.  The police had no legitimate basis to assault the Plaintiff or place him in custody.  Further, Plaintiff had done nothing to interfere with police actions against any other individual.  Nonetheless, the individually named police defendants violently took Plaintiff into custody and placed him under arrest.

24.    Despite the open, bleeding gash above Plaintiff's left eye, the individually named police defendants did not take Plaintiff to the hospital but instead, the police defendants took Plaintiff directly from the scene to the 73 Precinct and placed him in a holding cell with other arrestees.  Only when those other individuals in the holding cell began to complain to the police about the bleeding from Plaintiff's head, did the police defendants bring Plaintiff to Brookdale Hospital.

25.     P.O. Chekalin was the Plaintiff's arresting officer and he drafted and submitted the police paperwork wrongfully charging Plaintiff with Obstructing Governmental Administration and related crimes.

26.     P.O. Fernandez knowingly, or with reckless disregard for the truth, provided false information to P.O. Chekalin as to the basis of Plaintiff's arrest.

27.     Despite Plaintiff's arrest, the District Attorney of Kings County declined to prosecute any of the charges brought against Plaintiff.

28.     As a result of the assault, Plaintiff suffered various physical injuries including, but not limited to: a torn rotator cuff of the right shoulder, subscapularis tear of the left shoulder, lacerations above the left eye, headaches, dizziness, cervical and thoracic disc herniations, pain and weakness on the right elbow, right ankle derangement, bruising and contusions about the body.  Due to these and other injuries, Plaintiff was unable to work for approximately six months.

29.     As a result of the unreasonable force and assaultive behavior the police defendants used on Plaintiff during this incident, Plaintiff also suffered from an acute stress reaction and Post Traumatic Stress Disorder.  His emotional distress and mental anguish manifests in, among other ways, anxiety, loss of sleep, depression and fear.

**FIRST CLAIM**

(§1983 - EXCESSIVE FORCE)

30.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31.     By striking Plaintiff to the ground, slamming his head into the cement floor, hyperextending and violently twisting his arms behind his back, tasing and putting a knee to his neck and subjecting him to numerous blows about the torso, legs and head, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4, subjected Plaintiff to the use of objectively unreasonable and excessive force in the performance of their police duties.

32.     By using unreasonable and excessive force against Plaintiff, (and failing to prevent other officers from doing so), Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4, deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

33.     In addition, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 conspired among themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the Constitution of United States of America, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

34.     Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America.

35.     By reason thereof, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights, entitling Plaintiff to an award of monetary and punitive damages and other relief.

## SECOND CLAIM

### (§1983 - FALSE ARREST & FALSE IMPRISONMENT)

36.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 35 of the Amended Complaint as if incorporated and reiterated herein.

37.     Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, wrongfully and illegally arrested, detained and imprisoned Plaintiff.

38.     The wrongful, unjustifiable and unlawful apprehension, detention, arrest and imprisonment of Plaintiff was done without Plaintiff's consent, and without probable cause or reasonable suspicion.

39.     Plaintiff's detention, arrest and imprisonment occurred without any fault or provocation on the part of Plaintiff.

40.     Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, acted under pretense and color of state law in their individual and official capacities and within the scope of their respective employment as NYPD officers.  Said acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive

8

Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

41.    By reason thereof, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, loss of freedom, emotional distress, mental anguish, economic damages and the loss of his constitutional rights, entitling Plaintiff to an award of monetary damages and other relief.

42.    Further, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from false arrest and false imprisonment, thereby entitling Plaintiff to an award of punitive damages.

## THIRD CLAIM

### (§1983 – FAILURE TO INTERVENE)

43.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42 of the Complaint as if incorporated and reiterated herein.

44.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, had a reasonable opportunity to prevent Plaintiff's unlawful stop and detention.

45.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, had a reasonable opportunity to prevent the unlawful use of force against Plaintiff.

46.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, had a reasonable opportunity to prevent Plaintiff's false arrest.

47.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, had a reasonable opportunity to prevent Plaintiff's false imprisonment.

48.    A reasonable person in Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4 respective positions would know the Plaintiff's constitutional rights were being violated.

49.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, took no reasonable steps to intervene to prevent the violation of Plaintiff's constitutional rights.

50.    As a direct and proximate result of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4 failure to intervene, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

51.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

52.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from arrest and imprisonment without probable cause, excessive force, and/or unlawful search and seizure, thereby entitling Plaintiff to an award of punitive damages.

**FOURTH CLAIM**

(§1983 – MUNICIPAL LIABILITY)

53.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 52 of the Complaint as if incorporated and reiterated herein.

54.     Under color of law, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 stopped Plaintiff without reasonably suspecting Plaintiff of having committed a crime, used excessive and unreasonable force against Plaintiff, arrested, searched and/or imprisoned Plaintiff without probable cause to believe that Plaintiff had committed a crime, and said police defendants knew that their misconduct would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

55.     Upon information and belief, it is the custom, policies, rules, practices, and/or procedures of the City and the NYPD to stop citizens of color without reasonably suspecting them of having committed a crime.  A study conducted by Columbia Law School found that NYPD police officers stopped and questioned people, mostly people of color, without the legal justification for doing so, tens of thousands of times from 2004 through 2009.

56.     Additionally, the City and the NYPD, pursuant to policies, customs, practices, and procedures, inadequately screens, hires, retains, trains, promotes, sanctions and supervises its employees serving as police officers, causing the violation of Plaintiff's rights as described herein.  As a result of the City and NYPD's failure to properly recruit, screen, train, discipline, sanction and supervise its officers, including Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 has tacitly authorized, ratified, and has been

11

deliberately indifferent to, the unconstitutional acts and conduct complained of herein.

57. Further, the City of New York and the NYPD failed to train officers, including those named herein, that even if Plaintiff was a suspect in some crime, they nonetheless cannot commit an assault or battery, and cannot employ unreasonable, unlawful, and excessive force upon that individual.

58. In October 2015, the NYPD Office of the Inspector General (NYPD-OIG) issued a report assessing the NYPD's use of force, finding that its "use-of-force policy was vague and imprecise, providing little guidance to individual officers on what actions constitute force and providing insufficient instruction on de-escalation"; that the "NYPD's training programs did not adequately focus on de-escalation"; and that the "NYPD frequently failed to impose discipline even when provided with evidence of excessive force."

59. As a result, the use of unreasonable and excessive force by police officers, including those officers named herein, has become endemic within the NYPD. Evidence that excessive force has become custom and practice within the NYPD can be inferred from the repeated occurrences of similar illegal conduct, as documented in the numerous civil rights actions filed against the City in the state and federal courts.

60. Further, between 2013 and 2019, the Civilian Complaint Review Board ("CCRB") substantiated 730 excessive force allegations against NYPD Officers who were still employed with the agency as of June 2020. While this represents a small fraction of the numbers of excessive force complaints made against officers during that period and an even smaller number of civilian complaints in total for that period, it is nonetheless significant.

12

61.     In the instant case, most if not all of the individually named officers had a significant history of CCRB complaints prior to the instant allegations.   Lt. Bobo was the subject of 31 additional civilian complaints which were comprised of 80 separate allegations.  Sgt. Musa was the subject of 8 additional civilian complaints which were comprised of 17 separate allegations.  P.O. Fernandez was the subject of 10 additional civilian complaints which were comprised of 17 separate allegations.  P.O. Aponte was the subject of 7 additional civilian complaints which were comprised of 16 separate allegations.  These officers all had allegations that were substantiated.

62.     Despite over 120 prior allegations made by civilians against the individual officers named above, said officers were not re-trained, provided additional supervision, or additional monitoring of their performance so as to prevent future violations.  Instead, the officers' unlawful actions were substantially ignored or otherwise condoned.

63.     The City and the NYPD's disregard of the unlawful actions used by many officers in their official capacities, similar to the unlawful actions of those officers alleged herein, is not something new.  In an article entitled NYC Police Oversight Agency Gets More Power to Investigate Officer Misconduct, published September 16, 2022, on *Gothamist.com*, author Samantha Max reported that for many years the NYPD was in charge of investigating allegations of bias-based policing brought against its own officers.  A 2019 Department of Investigations report found, however, that the NYPD had not disciplined a single officer for any policy violation.  This dynamic was akin to having the fox guarding the hen house and the result was predictable.  Only in 2021 did the City Council decide to add reviews of bias-based policing to the CCRB's purview.

64.     The forgoing customs, policies, usages, practices, procedures and rules of the City and the NYPD constitute deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

65.     Moreover, as a result of the City's systematic practice, pattern and custom of intentionally promoting and supporting NYPD officers' violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom, and physically, emotionally and economically harmed.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations Plaintiff suffered.

67.     As a result of the City's and NYPD's developed policies and customs, police officers of the NYPD, including the individually named defendant officers in this case, believed that their actions would be tolerated and not scrutinized at any level, and that their misconduct would not be investigated or sanctioned.

68.     The police officers' belief that their actions would be tolerated and not scrutinized in any meaningful way, is further evidenced by the fact that their excessive and unreasonable use of force took place right in front of Capt. St. Fort.

69.     Upon information and belief, at the time of the assault and arrest of Plaintiff, Capt. St. Fort was a high-ranking member of the NYPD and had the authority to set policy and procedure within the confines of the 73rd Precinct and other parts of New York County.

70.     By using, encouraging, condoning and excusing the use of unwarranted physical force against Plaintiff and commanding his arrest without legal justification, Capt. St. Fort violated Plaintiff's constitutional rights.

14

71.     In so doing, Capt. St. Fort was effectively creating and /or promoting a policy and procedure for the individually named police defendants and other officers under his direct command to emulate his conduct in the utilization of excessive force and arrest without probable cause.

72.     By reason thereof, the City, through its employee, Capt. St. Fort, (and the other named defendants), violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, loss of freedom, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

73.     As a further result of the foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD, Plaintiff was unlawfully stopped, assaulted, battered, arrested, searched and imprisoned on the basis of his race and/or color.

74.     Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

75.     As a direct and proximate result of the City's illegal customs, policies, practices and procedures, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

76.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

15

## FIFTH CLAIM

### (§1983 – DELIBERATE INDIFFERENCE)

77.      Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every

allegation of paragraphs 1 through 76 of the Complaint as if incorporated and reiterated herein.

78.      By refusing to provide Plaintiff with immediate medical attention, Capt. St. Fort,

Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, acted with

deliberate indifference to Plaintiff's medical needs, obvious injury and complaints of severe pain,

in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United

States Constitution under color of law.  Specifically, the right to be provided with necessary

medical care while in police custody.

79.      Upon information and belief, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte,

P.O. Chekalin, P.O Fernandez and John Doe 1-4, acted with deliberate indifference because they

were aware that Plaintiff sustained a head injury above his left eye that was bleeding and

nonetheless, they wished to cover-up their involvement by delaying or preventing the medical

treatment of Plaintiff.

80.      By reason thereof, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O.

Chekalin, P.O. Fernandez and John Doe 1-4, violated 42 U.S.C. §1983 and caused Plaintiff to

suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional

rights.

16

## SIXTH CLAIM

### (STATE - EXCESSIVE FORCE)

81      Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 80 of the Complaint as if incorporated and reiterated herein.

82.     By striking Plaintiff to the ground, slamming his head into the cement floor, hyperextending and violently twisting his arms behind his back, tasing his neck and subjecting him to numerous blows about the torso, legs and head, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4, subjected Plaintiff to the use of excessive force in the performance of their police duties.

83.     By reason thereof, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4, caused Plaintiff to sustain the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

84.     Because Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4 acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

85.     The conduct of Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin and John Doe 1-4, was wanton, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.


## SEVENTH CLAIM

### (STATE – FALSE ARREST & FALSE IMPRISONMENT)

86.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 85 of the Complaint as if incorporated and reiterated herein.

17

87.     Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 intentionally, falsely, wrongfully and illegally arrested, detained and/or imprisoned Plaintiff.

88.     The wrongful, unjustifiable and unlawful apprehension, arrest, detention and imprisonment of Plaintiff was carried out without Plaintiff's consent, against his will and without probable cause or reasonable suspicion.

89.     At all relevant times, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, acted forcibly in apprehending, arresting and imprisoning Plaintiff.

90.     Plaintiff was conscious of his confinement.

91.     Plaintiff's confinement was not otherwise privileged because Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 had no probable cause to believe that Plaintiff had committed a crime when they deprived him of his liberty for an unreasonable time.

92.     All this occurred without any fault or provocation on the part of Plaintiff.

93.     By reason thereof, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, caused Plaintiff to sustain the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

94.     Because Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

95.     Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez

18

and John Doe 1-4, acted wantonly, willfully, maliciously and/or cruelly in falsely arresting and/or falsely imprisoning Plaintiff, entitling Plaintiff to an award of punitive damages.

## EIGHTH CLAIM

### (INTENTIONAL INFLICTION of EMOTIONAL DISTRESS)

96.    Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 95 of the Complaint as if incorporated and reiterated herein.

97.    Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, brutally assaulted Plaintiff despite the fact that Plaintiff did not commit any crime or act of provocation.

98.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 unlawfully placed in custody and imprisoned Plaintiff in full view of strangers, neighbors, friends and family.

99.    The conduct of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 was so extreme and outrageous as to exceed the bounds of decency in a civilized society.

100.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1- 4, intended or disregarded a substantial probability of causing Plaintiff emotional distress.

101.    As a direct and proximate result of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4's misconduct, which was so outrageous in character and so extreme in degree as to exceed all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community, Plaintiff suffered severe emotional

distress. He has suffered, and continues to suffer great pain, depression, humiliation, embarrassment, disgrace, fear, stress and anxiety, loss of self-esteem and self-confidence, and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

102.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4's, extreme and outrageous conduct was wanton, willful, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.

## NINTH CLAIM

### (NEGLIGENT INFLICTION of EMOTIONAL DISTRESS)

103.    Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 102 of the Complaint as if incorporated and reiterated herein.

104.    Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, and John Doe 1-4, viscously assaulted Plaintiff, despite the fact that Plaintiff had committed no crime or act of provocation.

105.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, unlawfully placed in custody and imprisoned Plaintiff in full view of strangers, neighbors, friends and family.

106.    The conduct of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, was so extreme and outrageous as to exceed the bounds of decency in a civilized society.

107.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, disregarded a substantial probability of causing plaintiff emotional distress.

108.    The conduct of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin,

P.O. Fernandez and John Doe 1-4 created an unreasonable and foreseeable risk of causing Plaintiff emotional distress by humiliating, embarrassing, unreasonably endangering Plaintiff and causing Plaintiff to fear for his safety.

109.    As a direct and proximate result of Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4's negligence, Plaintiff suffered, and continues to suffer, severe emotional distress from depression, humiliation, embarrassment, disgrace, fear, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

110.    Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4's conduct amounted to utter recklessness, was so wantonly negligent as to be the equivalent of a conscious disregard for Plaintiff's rights, demonstrated a high degree of moral culpability, was designed to oppress and injure, evinced a conscious indifference to the effects of their acts, was committed without regard to the rights of Plaintiff or of people in general, and involved wrongdoing to the public, entitling Plaintiff to an award of punitive damages

### TENTH CLAIM

### (DELIBERATE INDIFFERENCE – STATE)

111.    Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 110 of the Complaint as if incorporated and reiterated herein.

112.    By refusing to provide Plaintiff with immediate medical attention, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 acted with deliberate indifference to Plaintiff's medical needs, obvious injury and complaints of severe pain,

in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law.   Specifically, the right to be provided with necessary medical care while in police custody.

113.   Upon information and belief, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, acted with deliberate indifference because they were aware that Plaintiff sustained a head injury above his left eye that was bleeding and nonetheless, they wished to cover-up their involvement by delaying or preventing the medical treatment of Plaintiff.

114.   By reason thereof, Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4 caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the violation of his statutory and constitutional rights.

115.   Capt. St. Fort, Lt. Bobo, Sgt. Musa, P.O. Aponte, P.O. Chekalin, P.O. Fernandez and John Doe 1-4, acted wantonly, willfully, maliciously and/or cruelly in falsely arresting and/or falsely imprisoning Plaintiff, entitling Plaintiff to an award of monetary and punitive damages.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)     On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)    On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii)   On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix)     On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x)      On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi)     Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xii)      Such other relief as the Court deems just and proper.


Dated: New York, New York
      Sept. 19, 2022


                            ALTMAN SCHOCHET LLP
                            Attorneys for Plaintiff

                            *Aaron L. Altman* /s/

By:      _____
                            Aaron L. Altman [AA-0822]
                            225 Broadway, 3rd Floor
                            New York, New York 10007
                            Office: (212) 344-8000
                            Cell:    (646) 408-5825

24